MacLeod-Mancuso, Bonnie H., J.

INTRODUCTION

This action arises from a bid proposal issued by the defendant, Town of Framingham (“Town”), to furnish hydrants, valves, and miscellaneous piping appurtenances within the municipality. The plaintiff, Public *9 Works Supply Co., Inc. (“PWS”), alleges that the Town violated G.L.c. 30B the Commonwealth’s Uniform Procurement Act, when it required all bidders to furnish a specific hydrant in its bid proposals, thereby precluding full and fair competition among suppliers. In its answer, the Town filed a counterclaim against PWS asserting a sole count of interference with a contractual relationship. Pursuant to G.L.c. 231, §59H, the Commonwealth’s Strategic Litigation Against Public Participation (“anti-SLAPP”) statute, PWS now moves to dismiss the Town’s counterclaim.
Additionally, Everett J. Prescott, Inc. (“Prescott”) moves this court, pursuant to Mass.R.Civ.P. 24, to be permitted to intervene as a defendant in this case. As grounds therefor, Prescott asserts that as the main distributor of the hydrants specified in the Town’s bid proposal, it has a legitimate business interest that must be protected through this pending litigation. PWS opposes Prescott’s motion to intervene by asserting that any purported rights Prescott may have in relationship to this case are already being adequately represented by the Town.
For the following reasons, PWS’s Special Motion to Dismiss the Town of Framingham’s Counterclaim is DENIED, and Everett J. Prescott, Inc.’s Motion to Intervene is DENIED.

BACKGROUND

In early March 2006, the Town issued invitations to bid on the procurement of eighty (80) fire hydrants (‘The Project”). The Town’s specifications listed that all bidders were required to furnish the American Darling Hydrant, Model No. B-62B (“the American Hydrant”). The opening date for the bids was March 23, 2006; four companies responded. Only two of the four, Prescott and its sub-distributor, Putnam Pipe Corporation (“Putnam”), submitted responsive bids using American Hydrants. Putnam was the lowest responsive bidder at that time.
In early May 2006, the Town decided to re-bid the Project to clarify two technical aspects of the bid: (1) that American Hydrants were the only hydrants that the Town would use and (2) that only one unit price for the American Hydrant was required. On May 11, 2006, the Town cancelled the original bid proposal for the Project and issued a new invitation to bid. The opening date forbids was initially June 8, 2006. In the interim, on May 31, 2006, PWS filed this complaint and motion for preliminary injunction with this court. As such, the Town was forced to continue the contract award until after the court ruled on PWS’s motion. On June 27, 2006, this court denied PWS’s motion for preliminary injunction stating that: (1) PWS did not have a reasonable likelihood of success on the merits; (2) the balancing of harms favored the Town; and (3) because the case was almost identical in law and fact to Heller & Smith Corp. v. Tewksbury, C.A. No. 06-01305 (Fishman, J.), a case decided on May 10, 2006. The court adopted the reasoning in Tewksbury to show that PWS was not entitled to injunctive relief.
The bid was eventually awarded to Putnam for the Project. In its counterclaim, the Town asserts that PWS was aware that it intended to award the contract to Putnam when PWS initiated this lawsuit. In so doing, the Town alleges that “[PWS] has unreasonably and unjustifiably interfered with the Town’s advantageous contractual relationship with . . . Putnam.” As a consequence thereof, the Town alleges that it has been damaged by the continued delay in pursuing its contract with Putnam and is seeking damages therefor from PWS.
PWS now asks this court to dismiss the Town’s counterclaim for interference with a contractual relationship based on the anti-SLAPP statute, G.L.c. 231, §59H. PWS argues that in filing such a claim, the Town is merely trying to prevent PWS from asserting its petitioning rights, and therefore, the Town has violated G.L.c. 30B. In contrast, the Town asserts that the anti-SLAPP statute is inapplicable here because PWS cannot demonstrate at the threshold level that the Town’s counterclaim is based on PWS’s petitioning activities alone. Rather, the Town asserts that because Prescott and Putnam are PWS’s direct competitors and the fact that PWS was the former sole distributor of the American Hydrant, its claim against PWS lies.
In its motion to intervene, Prescott asserts that its business interest in preserving the contract between its sub-distributor, Putnam, and the Town necessitates its intervention in this action. Prescott relies entirely on its proprietary interest in the distribution of American Hydrants for these assertions, in addition to its “right to protect its name and reputation.”

DISCUSSION

A. PWS’s Special Motion to Dismiss

The Commonwealth’s anti-SLAPP statute was enacted to dispose of “nonmeritorious lawsuit(s) designed to intimidate or silence an opposing party.” Office One, Inc. v. Lopez, 437 Mass. 113, 121 (2002). The statute provides that “(i]n any case in which a party asserts that the civil claims, counterclaims, or cross-claims against said party are based on said party’s exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may file a special motion to dismiss.” G.L.c. 231, §59H.
The standard of review for a special motion to dismiss differs from Mass.R.Civ.P. 12(b)(6); that is, the moving party need not show that the plaintiff cannot possibly recover under the most liberal reading of the alleged facts. See MacDonald v. Paton, 57 Mass.App.Ct. 219, 295 (2003). Cf. Nader v. Citron, 372 Mass. 96, 98 (1977) (under Rule 12(b)(6), “[the] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which *10 would entitle him to relief,” quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Instead, “the special mov-ant need show, as a threshold matter, through pleadings and affidavits, that the claims against it are, in fact, ‘based on’ its petitioning activities alone and have no substantial basis other than or in addition to its petitioning activities.” Lopez, 437 Mass. at 122 (emphasis added). If the special movant meets this initial threshold showing, the burden then shifts to the non-moving party to show that his claim should be preserved because: (1) the petitioning activities were devoid of any reasonable factual support or any arguable basis in law; and (2) the petitioning activity caused the non-movant actual harm. Baker v. Parsons, 434 Mass. 543, 553 (2001).
After reviewing its complaint, this court finds that the Town has sufficiently alleged a claim for interference with a contractual relationship and that PWS’s reliance on the anti-SLAPP statute on this record is unpersuasive. Specifically, PWS has not demonstrated to this court, as a threshold matter, that the Town’s counterclaim is based solely on PWS’s petitioning activities alone. See Lopez, 437 Mass. at 122. The Town has submitted two affidavits in its opposition to the special motion to dismiss to support its counterclaim for contractual interference. First, the Affidavit of Peter E. Prescott states that “PWS is a direct competitor of Prescott” and that “(f]or numerous years PWS was the sole distributor of American Darling Hydrants and created a proprietary specification for the hydrant.” Id. at 91915, 11. Second, the Affidavit of David E. Putnam also states that “Public Works Supply Co., Inc. ... is a direct competitor of Putnam” and that “(f]or numerous years up through 1992 PWS was the sole distributor of [American Hydrants] in New England and was the beneficiary of numerous proprietary specifications specifying [the American Hydrant].” Id. at 91913,8. Accepting these affidavits as true, in view of the fact that PWS is a direct competitor of both Putnam and Prescott, and that PWS was the former sole distributor of the American Hydrant, the Town’s counterclaim lies. With these facts, it is plausible that PWS may have been disgruntled in losing the bid to its competitor, Putnam, when in the past those bids were awarded to PWS as the sole distributor of the American Hydrant. Moreover, it is further plausible that such animus was the motive behind PWS’s petitioning activities at the outset, especially in light of evidence that it, too, may have previously received proprietary bid specifications with the American Hydrant throughout New England. See Aff. of Peter B. Prescott, 914. Therefore, PWS’s special motion to dismiss must be denied.[1]

B. Prescott’s Motion to Intervene

Mass.R.Civ.P. 24 allows a party to intervene in an already pending lawsuit. An applicant must be allowed to intervene as a matter of right if he can show that:
(1) [ ] a statute of the Commonwealth confers an unconditional right to intervene or (2) [he has] an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.
Mass.R.Civ.P. 24(a) (emphasis added). Permissible intervention is allowed “(1) when a statute of the Commonwealth confers a conditional right to intervene; or (2) when an applicant’s claim or defense and the main action have a question of law or fact in common.” Id. at (b) (emphasis added).
Here, Prescott has moved this court to allow it to intervene in this action. In support thereof, it asserts that it has a “business interest in the [Town’s] ability to create a Proprietary Specification specifying the American Darling Hydrant when the Town believes it’s in the public interest to do so.” Everett J. Prescott, Inc.’s Motion to Intervene As Defendant, p. 2. It further asserts that it “has the right to protect its name and reputation.” Id. These reasons are unpersuasive for several reasons.
First, Prescott does not have a direct, substantial, or significant interest in the litigation, nor has it asserted a valid “claim or defense” pursuant tó the rule. See Mass.R.Civ.P. 24(b). Although Prescott is the main distributor of the American Hydrant, and arguably has an indirect interest in this lawsuit, its sub-distributor, Putnam, was awarded the bid with the Town, and it is therefore Putnam’s contract to protect, not Prescott’s. Moreover, the Prescott and Putnam affidavits submitted against PWS’s special motion to dismiss indicate that each company was a separate and distinct legal entity from the other. As such, Prescott’s arguments to intervene, either as of right or permissibly, are unavailing.
Second, even assuming, arguendo, that Prescott has a direct and substantial interest in this litigation, this court finds that its interest is already adequately represented by the Town. See Mass.R.Civ.P. 24(a)(2) (if applicant’s interest already adequately represented, intervention is inappropriate). This is especially true in light of the Town’s counterclaim for interference with a contractual relationship against PWS which this court has preserved. Any interest Prescott may have in this action derives from Putnam who is currently being protected by its existing contractual relationship with the Town; thus, by filing its counterclaim against PWS and thereby attempting to preserve its contract with Putnam, the Town is adequately representing Putnam and therefore, Prescott — through that claim. Therefore, Prescott’s motion to intervene must be denied.

ORDER

For the reasons stated above, Public Work Supply Co., Inc.’s Special Motion to Dismiss the Town of *11 Framingham’s Counterclaim is DENIED, and Everett J. Prescott, Inc.’s Motion to Intervene as Defendant is DENIED.

Because PWS has failed to meet its initial burden of showing that the counterclaim against it was based solely on its petitioning activities, the court need not address whether the Town would have met its burden after it had shifted. See Baker, 434 Mass. at 553.